**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MYKHAYLO KULYNCH,

                        Plaintiff,                       **MEMORANDUM & ORDER**

         - against -

                                                     05-CV-354 (JG) (RER)

DELTA MACHINERY, INC.,

                        Defendant.
-----------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

On September 12, 2006 this Court issued a Memorandum and Order in which it sanctioned plaintiff's counsel $500 for various failures to produce discovery, and for violating this Court's discovery orders. The Court also awarded as a sanction against plaintiff's counsel the defendant's costs and attorney's fees in connection with defendant's many letters and motions to compel. Plaintiff's counsel has filed a belated objection to the Memorandum and Order, and also to the specific amounts defendant seeks for costs and fees. See Affirmation in Opposition by Jeffrey Lessoff ("Lessoff Aff."), dated September 29, 2006. For the reasons which follow, the Court modifies the September 12, 2006 Memorandum and Order, withdraws the $500 sanction against plaintiff's counsel, and awards defendant $280 in costs and attorney's fees in connection with the motions to compel.[1] That amount shall be paid by plaintiff's counsel no later than October 13, 2006.

---

[1] In the Memorandum and Order I directed defendant's counsel to submit an accounting of defendant's cost and fees in connection with the various motions to compel, letters to the court, and court appearances. Defendant's counsel subsequently sought a total of $1,582 in costs and fees.

Plaintiff's counsel raises two principal objections to the Court's Memorandum and Order, neither of which have merit.  First, counsel argues that "defendant attorney never asked for any sanctions," and "[t]his court on its own motion decided that plaintiff was responsible for not complying entirely based upon defendants [sic] letter."  Lessoff Aff., ¶ 1.  While it is true that defendant has not sought "sanctions," counsel ignores the fact that the Court can issue sanctions *sua sponte* for the violation of its own discovery orders.  *See, e.g., In re 60 East 80th Street Equities, Inc.,* 218 F.3d 109, 117-118 (2d Cir. 2000) (discussing court's inherent power to issue sanctions *sua sponte*).[2]  Further, prior to issuing the Memorandum and Order I notified plaintiff's counsel at least twice that sanctions may be issued should he not comply with his discovery obligations and my orders to do the same.  When faced with counsel's repeated failure to comply with his discovery obligations, and his repeated violation of my discovery orders, I was left with no choice but to sanction him.  Moreover, by failing to respond to defendant's many letters regarding his incomplete discovery responses, which he had ample notice of through this district's electronic filing system, plaintiff's counsel left me no choice but to decide these issues based entirely upon defendant's letters.  The Court notes that it waited eleven days after the final motion to compel was filed on September 1, 2006, to issue the Memorandum and Order

---

[2]  Counsel also ignores the fact that Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that "the court *shall* require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure . . ." (emphasis added).  Thus, regardless of whether I should exercise my discretion and impose "sanctions" on plaintiff's counsel for his transgressions, Rule 37 compels me to impose against him the costs and attorney's fees associated with his failure to obey my prior orders.  *See* Memorandum and Order at 5.

containing sanctions. Plaintiff's counsel thus had ample opportunity to respond to the motion to compel,[3] but chose not to. That, however, is his fault and no one else's.

Second, counsel argues that "[t]his court acts like I have not complied with *any* discovery requests when *every one* has been complied with to my knowledge." Lessoff Aff., ¶ 2 (emphasis added). Contrary to this assertion, the Memorandum and Order makes perfectly clear that I acknowledged that plaintiff's counsel had complied with some of his discovery obligations. Memorandum and Order, at 3 ("Although in the intervening months Mr. Lessoff provided some of the requested discovery. . ."). As I pointed out, however, he had not complied with all of the discovery requests, thereby violating my orders. Most notably, as defendant's counsel indicated, plaintiff's counsel had not produced plaintiff's initial disclosures, responses to requests to identify documents sought to be introduced at trial, and "[c]ertain medical authorizations." Defendant's Letter, dated September 1, 2006 at 1-2. While plaintiff's counsel now claims that he produced all medical authorizations prior to September 1, 2006, he does not claim, let alone prove, that he has ever produced plaintiff's initial disclosures or identified those documents which he intends to introduce at trial. Thus, it is clear that plaintiff's counsel has not complied

---

[3] Local Civil Rule 37.3, which is entitled "Mode of Raising Discovery and Other Non-Dispositive Pretrial Disputes With the Court," provides that parties have three days in which to respond to discovery motions. *Id.* at 37.3(c) ("Within three days of receiving such a letter, any opposing affected party or non-party witness may submit a submit a responsive letter . . ."). Defendant's last discovery motion was filed on September 1, 2006, giving plaintiff's counsel until September 6 to file a response (taking into account the intervening weekend). No such response was ever filed.

with *every one* of defendant's discovery requests, or for that matter the Court's orders that he do so.[4]

In any event, and despite the lack of merit of plaintiff's counsel's arguments, I will modify my Memorandum and Order to withdraw the $500 sanction. While it is a close call, plaintiff's counsel appears contrite, and there is no evidence that he acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Aleyska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-60 (1975). I am sure that in the future he will not violate in the slightest any of this Court's orders. Should he do so, however, he is on notice that he may be sanctioned *sua sponte* pursuant to Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or the Court's inherent power.

Further, given plaintiff's counsel plea that having to pay $1,582 to defendant's counsel would constitute a financial hardship, I will set the amount of costs and fees at $280. This is the amount that defendant has incurred in fees for drafting the various letters to the Court concerning plaintiff's counsel's failures to abide by his discovery obligations and for his violation of the Court's prior orders. Plaintiff's counsel shall provide that amount to defendant's counsel no later than October 13, 2006.

---

[4] Further, if counsel had already produced all of the medical authorizations and other discovery requests prior to September 1, 2006, he should have so stated to defendant's counsel or the Court after the motion to compel was filed. Plaintiff's counsel did not do so, indicating that he either ignored the September 1, 2206 electronic notification from the District's electronic case filing system, or did not think defendant's motion warranted a reply. Either way, counsel's actions are troublesome.

Dated: Brooklyn, New York
       October 2, 2006

                                          /s/
                              **Ramon E. Reyes, Jr.**
                              **United States Magistrate Judge**